IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST
FILED ON JULY 19, 2007

| | | |
|---|---|---|
| FORETS CITY MILITARY COMMUNITIES LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 07-546C<br>(Judge Hewitt) |

**MEMORANDUM IN SUPPORT OF**
**CONSENT MOTION FOR LEAVE TO INTERVENE**

GMH/Centex Military Communities ("GMH") respectfully submits this memorandum in support of its Motion for Leave to Intervene in the above-captioned action.

**QUESTION PRESENTED**

Whether GMH should be permitted to intervene in the above-captioned action as of right or, in the alternative, by the permission of the court.

**STATEMENT OF THE CASE**

On July 19, 2007, Plaintiff Forest City Military Communities LLC ("Forest City") commenced this action seeking preliminary and permanent injunctive relief. Forest City challenges the March 8, 2007, award of a contract by the Department of the Army's Residential Communities Initiative Office, U.S. Army Corps of Engineers, Baltimore District ("Agency") under Request for Qualification ("RFQ") No. W912DR-06-R-0006 (the "contract"). Forest City seeks judicial review of that award. GMH, as the contract

awardee whose performance is at issue in this action, seeks to intervene in the action as of right or, in the alternative, by the Court's permission.

## ARGUMENT

### I. GMH SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION AS OF RIGHT

Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Because GMH meets the requirements of the rule, as described below, GMH requests that the Court determine that GMH is entitled to intervene in this action.

First, GMH certainly "claims an interest relating to the property or transaction which is the subject of the action," in that GMH is the awardee of the contract whose performance is at issue in this lawsuit. Further, because Forest City asks the Court to enjoin GMH's performance of the contract, the potential disposition of this action in Forest City's favor also would impair GMH's ability to protect its interests relating to the contract. Finally, GMH's interests would not be adequately represented by existing parties. GMH's interests are served only by upholding the decision of the Agency to award the contract to GMH and not suspending or otherwise delaying GMH's performance under the contract. Although the United States and the Agency presumably

will oppose the injunctive relief sought by Forest City and defend the Agency's decision, only GNH can adequately describe to the Court the harm it will suffer in the event the Court were to enjoin GMH's performance under the contract. Further, the United States and the Agency have institutional interests in this matter that are different from GMH's interests as the contract awardee.

Based upon the foregoing, GMH submits that intervention as of right by GMH is appropriate in this case. This Court routinely permits awardees to intervene in bid protest actions. *See, e.g., Overstreet Elec. Co. v. United States*, 59 Fed. Cl. 99 (2003); *SDS Int'l v. United States*, 48 Fed. Cl. 742 (2001). Particularly given that neither Forest City nor the United States oppose GMH's intervention, GMH's motion for leave to intervene should be granted.

## II. EVEN IF GMH IS NOT ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, GMH SHOULD BE PERMITTED TO INTERVENE

Although the requirements for intervention as of right are met in this case, as discussed above, even if GMH were not entitled to intervene in this action as of right, GMH requests that this Court grant it permission to intervene on a permissive basis under RCFC 24(b). Under that Rule,

> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

GMH's motion to intervene also satisfies the requirements of RCFC 24(b).

As the awardee of the contract at issue in this action, GMH's defense and opposition to Forest City's request for injunctive relief has numerous questions of law and fact in common with the instant action. Further, GMH's intervention in this action will not unduly delay or prejudice the adjudication of the rights of the original parties. Indeed, GMH is filing its motion to intervene at the outset of this litigation and GMH will make every effort to satisfy the deadlines set by the Court without request for delay. Further, GMH's participation will not prejudice the adjudication of the rights of the original parties, but will ensure that the Court has a complete and accurate picture of the facts and circumstances of this case, including the substantial and irreparable harm that GMH would suffer if the Court grants the relief sought by Forest City. Accordingly, even if the Court were to determine that GMH is not entitled to intervene in this action as of right, GMH respectfully requests that the Court grant GMH permission to intervene in this action under RCFC 24(b).

## CONCLUSION

For the reasons stated herein, GMH respectfully requests that the Court determine that GMH may intervene in this action as of right pursuant to RCFC 24(a). In the alternative, GMH requests that the Court grant GMH permission to intervene in this action pursuant to RCFC 24(b).

Respectfully submitted,

s/ E. Sanderson Hoe
E. Sanderson Hoe

MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7562

Attorney of Record for Intervenor
GMH/Centex Military Communities

Of Counsel:

Jennifer M. Morrison
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7301

Dated: July 20, 2007

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Memorandum in Support of Consent Motion for Leave to Intervene was served by facsimile to the following parties, this 20th day of July, 2007.

Tim P. McIlmail
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Suite 11052
Washington, DC 20530
Facsimile: (202) 514-7965

Robert H. Koehler
Patton Boggs LLP
8484 Westpark Dr..
McLean, VA 22102
Facsimile: (703) 744-8006

s/ E. Sanderson Hoe
E. Sanderson Hoe