**AGREED-UPON REDACTED COPY**
**MAY BE MADE PUBLIC**

**PROTECTED INFORMATION**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| FOREST CITY MILITARY COMMUNITIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-546C<br><br>(Judge Hewitt) |

DEFENDANT'S OPPOSITION TO FOREST CITY'S
MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully responds to the motion of plaintiff, Forest City Military Communities, LLC ("Forest City"), to supplement the administrative record in this case with deposition testimony of the Source Selection Authority ("SSA").

Discovery of the reasoning of an agency decision-maker is not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of an agency's determination. See Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1341 (Fed. Cir. 2001). An extra-record explanation of agency action should only be required in the rare case in which there does not already exist a record that is satisfactory for meaningful judicial review. See id. at 1338. Only where a deposition is necessary to place on

**AGREED-UPON REDACTED COPY**
**MAY BE MADE PUBLIC**

**PROTECTED INFORMATION**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

the record the basis for the agency's determination should a deposition of the agency's decision-maker be allowed - a deposition is not appropriate to inquire into the thought process by which the decision-maker made that decision. See id. at 1339.

Here, a deposition is unnecessary because the basis for the agency's determination is already on the record. The Source Selection Decision Document (Tab 76, A1489-98) sets forth the rationale for the SSA's conclusion that defendant-intervenor GMH/CENTEX Military Communities, LLC ("GMH") offered "the best overall value to the Government for award of the West Point RCI Project." Tab 76, A1498. That rationale includes, by adoption, the reasons set forth in the March 1, 2007 report of the Source Selection Advisory Council ("SSAC") (Tab 74, A1476-87). Tab 76, A1491. Those documents establish that the basis for the SSA's decision included Forest City's "[redacted]"[1] (Tab 76, 1492; see Tab 74, A1481) and that "[redacted]" (Tab 76, 1492; see Tab 74, A1478). The Court will be able meaningfully to review the SSA's best value conclusion

---

[1] Bolding denotes protected material.

**AGREED-UPON REDACTED COPY**
**MAY BE MADE PUBLIC**

**PROTECTED INFORMATION**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

without the testimony of the SSA by reviewing the solicitation, the proposals of Forest City and GMH, and the agency's evaluations of those proposals (including the Source Selection Decision Document and the report of the SSAC), all of which are included in the administrative record already before the Court.

Forest City focuses upon a lack of mention in the Source Selection Decision Document or the report of the SSAC of its [redacted] or GMH's proposal to [redacted], and questions whether the SSA possessed sufficient and accurate information to properly evaluate Forest City's proposal. See Forest City's Motion To Supplement The Administrative Record ("Pl. Mot. Supp.") at 11. However, whether the SSA possessed such information is a function of what Forest City's proposal contains, which is already a matter of record (including at Tab 49, A704-1031), and, therefore, does not require a deposition of the SSA. Forest City also questions whether the SSA relied upon erroneous and misleading information (Pl. Opp. at 11), presumably a reference to the report of the SSAC; however, whether that report included erroneous and misleading information can be determined by comparing the report to the information to

which the report cites. Forest City does not argue that any of that information is not already in the administrative record before the Court.

Rather, Forest City appears to want to question the SSA "[redacted]" Pl. Opp. at 13. That would be an inappropriate inquiry in the SSA's thought process. To the extent that the Source Selection Decision Document and the report of the SSAC do not explain whatever consideration was given [redacted], that means that such consideration was not, at least for purposes of judicial review, one of the bases for the SSA's conclusion that GMH offered the best value to the Government. See Sec. and Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947).

The Court can meaningfully review the SSA's best value conclusion by reviewing the basis for that conclusion set forth, including by adoption, at Tabs 74 and 76 of the administrative record before the Court. For these reasons, the Court should deny Forest City's request to supplement the administrative record with testimony of the SSA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL
MATTHEW R. KEISER
Assistant Counsel for
Procurement
Attn CECC-C
U.S. Army Corps of Engineers
441 G Street, N.W.
Washington, DC 20314-1000

Attorneys for Defendant

July 30, 2007

Certificate of Filing

I hereby certify that on July 30, 2007, a copy of the foregoing DEFENDANT’S OPPOSITION TO FOREST CITY’S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail