Agreed-Upon Redacted Copy -- May be Made Public

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST
FILED UNDER SEAL

FOREST CITY MILITARY COMMUNITIES LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

GMH/Centex Military Communities,

Defendant-Intervenor.

No. 07-546C
(Judge Hewitt)

**DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant-Intervenor, GMH/Centex Military Communities ("GMH"), hereby opposes Plaintiff, Forest City Military Communities, LLC's ("Forest City") motion to supplement the administrative record with deposition testimony of the Source Selection Authority ("SSA"). Forest City seeks to take the deposition testimony of the SSA in order to determine: i) whether he considered Forest City's scope guarantee in making his best value determination; and ii) whether he was aware of GMH's decision to "no work" [redacted] units during the Initial Development Phase ("IDP"). The administrative record in this case addresses both issues and any supplementation thereto would be delving into the

[redacted]

mental processes of the SSA, an area clearly inappropriate. *See Impresa Construzioni Geom. Domenico Garufi v. United States (Impresa)*, 238 F.3d 1324, 1339 (Fed.Cir. 2001) ("discovery of the contracting officer's reasoning is not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of the contracting offficer's responsibility determination.").

When considering motions for judgment on the administrative record, the Court focuses its review on the "administrative record already in existence." *See Emerald Coast Finest Produce Co., Inc. v. U.S.*, 76 Fed. Cl. 445, 448-450 (2007) (citing *Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States*, 56 Fed. Cl. 502, 508 (2003)). Supplementation of the administrative record is only appropriate where the record is insufficient for the court to render a decision or is required for meaningful judicial review. *Id.* Forest City has failed to demonstrate why the administrative record in the instant case is insufficient or incomplete to necessitate supplementing the administrative record with deposition testimony of the SSA.

Forest City's protest essentially argues that the Army's best value decision to award to GMH was flawed because, among other things, the Army failed to consider Forest City's scope guarantee and failed to properly consider GMH's proposed approach to "no work" [redacted] units during the IDP. Forest City repeatedly argues that the administrative record in this case is devoid of evidence that the SSA considered its [redacted] scope guarantee and does not provide any evidence that the SSA knew of GMH's proposed "no work" approach. However, the Source Selection Decision ("SSD")



[redacted]

demonstrates that the SSA considered Forest City's scope guarantee and GMH's "no work" approach in making its best value determination. (Tab 76). This Court can perform a meaningful judicial review based solely on the record evidence before it.

The administrative record clearly demonstrates that Forest City's scope guarantee was before the evaluators in its proposal and, in fact, was evaluated. (Tab 50, 1039). Specifically, the SSA's decision states that

> Because of the size and complexity of this requirement, I employ a Source Selection Advisory Council (SSAC) made up of high level agency officials and non-government advisors. The SSAC examined the report prepared by the SSEB as well as each submission, performed a trade-off analysis between offerors using its expertise and prepared its findings in a report to me dated March 1, 2007. I find the analysis and conclusions within that report to be persuasive, to be supported by the facts and to be in harmony with the selection factors in the solicitation. I therefore adopt them in support of my decision.

(Tab 76, 1491). More specifically, the SSAC's consensus evaluation demonstrates that Forest City's scope guarantee was evaluated and was found to be a weakness. (Tab 50, 1039, [redacted]

Forest City acknowledges that the SSAC evaluated its scope guarantee, but argues that this comment, which only mentions one aspect of the scope guarantee, is evidence that the SSAC failed to evaluate Forest City's entire guarantee. This argument is clearly without merit and stems from Forest City's disagreement with the SSAC's assessment of its guaranteed maximum price. This is not a basis to supplement the record. As the



[redacted]

record is clear that Forest City's scope guarantee was before the evaluators, Forest City is essentially seeking an explanation from the SSA as to why the SSA did not view Forest City's scope guarantee as offsetting the specific deficiency of Forest City's extremely low vertical cost per square foot. This is inappropriate. In determining whether to require an explanation by agency officials, the agency decision is entitled to a presumption of regularity. *See Impresa*, 238 F.3d 1324, 1338. Because of that presumption of regularity, the agency should not be required to provide an explanation unless that presumption has been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious. *Id.* Forest City has failed to show how the evidence in this case suggests that the SSA's decision was arbitrary and capricious based on the record evidence before him.

In *Precision Standard, Inc. v. U.S.*, 71 Fed.Cl. 216 (2006), the Court of Federal Claims denied the plaintiff's motion to supplement the administrative record, in part, because the administrative record revealed exactly what information the contracting officer relied upon in making the responsibility determination. *Id.* at 219-220. Similarly, here, the SSA decision clearly states that the SSA relied on the evaluations of the SSAC, which included a review of the SSEB evaluations and proposals of all offerors, and adopted them as his own. (Tab 76, 1491). Thus, any deposition of the SSA would surely go to the thought process by which he made his decision. Again, such inquires are inappropriate. *Id.* at 1339.



[redacted]

Case 1:07-cv-00546-ECH Document 29 *SEALED* Filed 08/01/2007 Page 5 of 7

Moreover, Forest City seeks deposition testimony concerning whether the SSA properly considered GMH's proposed approach to "no work" [redacted] units during the Initial Development Phase ("IDP"). Again, despite Forest City's fragmented recitation of the record, the fact that GMH proposed to "no work" [redacted] units during the IDP was information that was before the SSA. The question as to how the SSA viewed GMH's proposed approach would inappropriately delve into the mental processes of the SSA. *Id.* Further, the SSAC report, which was relied upon and adopted by the SSA, clearly states that GMH proposed to "no work" [redacted] units. (Tab 65, 1327). In addition, the information surrounding GMH's "no work" of [redacted] units is obviously contained within GMH's proposal, which is also part of the administrative record. (Tab 49).

To the extent that Forest City argues the information relied upon by the SSA in rendering his decision was misleading, the SSD specifically cites to the information the SSA relied upon. This Court can certainly review the supporting "back up" contained within the administrative record to determine whether the information provided to the SSA was misleading and does not necessitate testimony from the SSA. Thus, since the administrative record before this Court is complete and sufficient for meaningful judicial reivew, deposition testimony of the SSA would not fill any "gap" that Forest City argues exists in the current record. Therefore, Forest City's motion to supplement the administrative record should be denied.



[redacted]

Respectfully submitted,

s/ E. Sanderson Hoe

E. Sanderson Hoe

MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7562

Attorney of Record for Intervenor
GMH/Centex Military Communities

Of Counsel:

Jennifer M. Morrison
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

Dated: August 1, 2007



[redacted]

**CERTIFICATE OF FILING**

I certify that on August, 2007, Defendant-Intervenor's Opposition to Plaintiff's Motion to Supplement the Administrative Record was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ E. Sanderson Hoe
E. Sanderson Hoe